Law Library

**IN THE SUPERIOR COURT**
**OF GUAM**

JUAN P. SAN NICOLAS AND JOHN J., )    Special Proceedings No. SP0189-10
SABLAN,                          )
                                 )
                 Employees,      )    **DECISION AND ORDER**
        v.                       )    re: Motion for Judgment on the
                                 )    Pleadings, Summary Judgment
GUAM CIVIL SERVICE COMISSION     )
                                 )
                 Respondent.     )
                                 )
DAVID PEREDO, in his official capacity as )
Fire Chief for the GUAM FIRE     )
DEPARTMENT,                      )
                                 )
           Real Party in Interest. )
                                 )
LOURDES M. PEREZ, in her official capacity )
as Director for the DEPARTMENT OF )
ADMINISTRATION,                  )
                                 )
           Real Party in Interest. )
_____ )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on July 25, 2012. Employees were represented by Attorney Jacqueline Taitano Terlaje. The Real parties in interest, Guam Fire Department ("GFD") and Department of Administration ("DOA") were represented by Attorney Donna Lawrence and Fred Nishihara. Having reviewed the memorandum and papers presented, the court now issues the following decision granting in part in favor of the Petitioners and remanding in part back to the Civil Service Commission to determine the duties Petitioners allegedly performed.

## BACKGROUND

Petitioners are classified employees with the Guam Fire Department ("GFD"), and at all relevant times as set forth in the Petition, they held the positions of Firefighter I. Petitioners are of the opinion that because of their job duties and responsibilities they should be compensated

for work performed as a Fire Captain.

On September 16, 2005, Petitioners made a request for a desk audit with the Department of Administration ("DOA"). On May 21, 2008, DOA recommended that the Petitioners be compensated for performing duties above that of a Firefighter I because they were performing duties of a Fire Specialist. On June 3, 2008, the Petitioners appealed the desk audit; no action was taken by the Respondents so the Petitioners filed an appeal to the Civil Service Commission ("Commission") for DOA's failure to take any action on August 27, 2009. Almost a year later, the Commission dismissed the appeals claiming that they lacked subject matter jurisdiction over grievances and matters that pertained to classification and issues of pay on August 17, 2010[1].

On September 7, 2010, Petitioners filed the instant action before the court. Real Parties in Interest and the Respondent filed a Motion to Dismiss on December 10, 2010. This Court issued its decision and order on May 6, 2011 and dismissed Petitioner's Verified Petition for Judicial Review for the reason that the Commission lacks jurisdiction over the Petitioner's claims. At the same time, this court denied the Motion to Dismiss the Writ of Mandate because the Real Parties in Interest are under a duty to compensate the Petitioners, which gives the court jurisdiction under 7 GCA § 31202.

Shortly after, Petitioners request this court to reconsider its dismissal on the grounds that judicial review is unavailable because the petition requests review of job classification. In addition, Petitioner assert that the court did not address whether an appeal of a Commission may be filed under the Administrative Adjudication Law Act, 5 GCA § 9240. On September 21, 2011, this court denied Petitioners Motion for Reconsideration on the grounds that Petitioner's claims cannot be classified as grievances according to DOA's personnel rules and regulations. As such, the Commission does not have jurisdiction over Petitioner's claims because the right

---

[1] It is also important to note that the Petitioners followed informal grievances with the Guam Fire Department, and then Step 5 in the grievance appeal process with the Civil Service Commission alleging violations of the Department of Administration personnel rules and regulations.

of appeal is not established in the personnel rules governing the employees. Accordingly, the court need not determine whether the AAL applies to Petitioner's claims because the court has already reviewed the Commission's decision regarding jurisdiction.

Now, Respondents filed a Motion for Judgment on the Pleadings pursuant to 12(c), 12(h)(3). Petitioner filed their Opposition on January 6, 2012. This Court hereby issues its decision and order granting in part in favor of the Petitioners and remanding in part back to the Civil Service Commission.

## DISCUSSION

### Motion for Judgment on the Pleadings

Respondents filed a Motion for Judgment on the Pleadings pursuant to Guam Civil Procedure Rule 12(c). Rule 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on the motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

The obligation to establish that there are no material issues of fact entitling a party to judgment as a matter of law is in the moving party. Guam R.Civ.Pro. 12(c). Mantanona v. Rosenbauer, Decision and Order Motion for Judgment on the Pleadings, Civil Case No.0636-08 (Sep. 23, 2009)(granting Judgment on Pleadings on plaintiff's cause of action for parental loss of consortium) citing McGlinch v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). All facts asserted in the pleading, including all its inferences, must be viewed in a light most favorable to the non-moving party when reviewing a Rule 12(c) motion. *Id.* citing Madonna v. U.S., 878 F.2d 631 (2nd Cir. 1989). Additionally, all doubts must be "resolved, in the light most favorable" to Petitioners. McGlinchy, supra., 845 F.2d at 810. Thus, dismissal is warranted only if it is absolutely clear that Petitioners, under the facts set forth in their Petition, are not entitled to any

relief. *Id.*

On May 20, 2011, upon filing of the Government's answers, the pleadings closed. Trial was set for November 21, 2011. Three days before trial was to start, the Government filed its motion for judgment on November 18, 2011. Although the Court was displeased by Government's untimely file of this motion, it has taken this matter under advisement and issues its decision and order based on the following analysis.

The instant matter is a special proceedings case, thereby only certain motions are permitted. The Guam Rules of Civil Procedure Rule 12(c) are inapplicable in the current matter. Under Guam law, 7 GCA §31208 dictates the permitted motions for a Writ of Mandate and states "on the trial, applicant is not precluded by the answer from any valid objection to its sufficiency, and may countervail it by proof either in direct denial or by way of avoidance" In other words, Respondents are only permitted to answer the Verified Petition. As such, this Court will treat Respondent's opposition to the Verified Petition, a Motion to Dismiss filed December 10, 2010, as the answer. Accordingly, the Court DENIES Respondent's Rule 12(c) motion and will treat it as a valid objection the Petitioner's sufficiency by way of avoidance and analyze this motion as summary judgment. Respondents seek to dismiss the Writ of Mandate.

**Writ of Mandate**

Respondent essentially request for summary judgment on the Writ of Mandate in their favor. Summary judgment is appropriate if the pleadings, depositions, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

The Court must have subject matter jurisdiction to adjudicate Petitioner's claims. Respondent's answer objects to whether Petitioners has properly alleged facts supporting subject matter jurisdiction under 7 G.C.A. §31202, which dictates when and by what court can issue a Writ of Mandate and states:

> "It may be issued by any court, except a commissioner's court or police court, to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is *entitled,* and from which he is *unlawfully precluded* by such inferior tribunal, corporation, board, or person. "

GFD and DOA contend as a matter of law that Petitioners cannot obtain writ relief in this matter under Section 31202. This Court stated in *Guam Music v. Illagan* case (SP-219-08) (Decision and Order) (January 28, 2010) that Petitioner must assert facts sufficient to support the conclusion that there is not a "plain, speedy, and adequate remedy in the ordinary course of law." 7 G.C.A. §31203.

After further review of DOA's Personnel Rules and Regulation, the Court corrects its earlier decision and finds the Civil Service Commission does have jurisdiction over certain grievances as well as adverse actions pursuant to Rule 2.014(f), not Rule 12.902(a). See DOA Personnel Rules and Regulation, Rule 5.014(f). Although Rule 12.301(e) mandates appeals from classification determinations are not covered by grievance procedures, the CSC does have jurisdiction under Rule 5.014(f) which authorizes the CSC to review such appeals. Accordingly, the Court finds Petitioners to be entitled to Writ Relief and remands in part back to the Civil Service Commission providing Petitioners have complied with the procedures set forth in the

regulations and rules. CSC is to determine the exact duties allegedly performed as well as the any defenses[2] Respondents raised in their opposition.

In the Verified Petition, Petitioners seek a writ of mandate. "[T]he extraordinary remedy of mandate is discretionary, and carries a threshold of satisfying certain statutory requirements . . . ." *Carlson v. Perez*, 2007 Guam 6, ¶ 66. When a court is faced with the question of whether to issue a writ of mandamus, it must inquire whether all of the following conditions have been met: (1) the respondent is an inferior tribunal, corporation, board, or person; (2) the respondent has failed to perform a clear and present duty; (3) the duty entails ministerial action, the assumption of jurisdiction, the exercise of discretion, or the abuse of discretion; (4) the petitioner has another, adequate remedy at law; and (5) the petition is verified. *Bank of Guam v. Reidy*, 2001 Guam 14, ¶ 27.

The Superior Court may grant a writ of mandamus "where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It must be issued on the verified petition of the party beneficially interested. 7 GCA § 31203 (2005) A writ of mandate is reviewed *de novo*. The Court in *Guam election Com'n*, 2007 Guam 20 ¶ 26 held the Petitioner has the burden of showing that a writ of mandamus should issue.

When mandamus is sought against a governmental body, a court must determine whether the act involves the exercise of discretion or a ministerial duty. *United Ass'n of Journeymen v. City and County of San Francisco*, 32 Cal. App. 4th 751, 759, 38 Cal, Rptr.2d 280, 284 (Cal. Ct. App. 1995) Mandamus generally will not issue unless there is a clear right in the Petitioner to the relief sought, a plainly defined and ministerial duty on the part of the Real Parties in Interest to honor that right, and no other adequate remedy, either judicial or administrative available *Bank*

---

[2] Respondents have raised the defense of laches, unclean hands, waiver, and statute of limitations.

*of Guam v. Reid*, 2001 Guam 14, *See also Gilsson v. United States Forest Service*, 55 F.3d 1325, 1327 (7th Cir. 1995)(failure to exhaust administrative remedies results in a lack of subject matter jurisdiction). Accordingly, Mandamus is appropriate only where there is a "clear, present and ministerial duty to act" *Holmes v. Territorial Land Use Comm'n*, 1998 Guam 8 ¶ 11

There are two main issues which are in dispute: 1) whether Petitioner has exhausted all legal and administrated remedies and 2) whether Petitioner performed Fire Captain Duties from 2001 to 2008. The latter issue will be remanded back to the Civil Service Commission. The Court finds the CSC does have jurisdiction over job re-classification appeals pursuant to Rule 5.014(f). The recommendation of the DOA desk audit classified Petitioner's duties and responsibilities as Fire Specialist; however, DOA denies that there was a detail assignment of Petitioners, Answer of DOA, p.6, ¶52. Petitioners dispute the re-classification by the desk audit and contend they were performing duties at a Fire Captain level. Therefore, at a minimum, the CSC will find Petitioners are entitled to Fire Specialist pay as recommended by the desk audit. At most, Petitioners will be entitled to Fire Captain pay as alleged in the Petition.

The Court will now address whether other administrative or judicial remedies are available. DOA sets out procedure to obtain administrative remedies available in their Personnel Rules & Regulations. Respondents contends Petitioners have failed to pursue their legal remedies available to them by failing to file a direct action in Superior Court for money damages or an injunction at any time between 2001 and 2002 and the filing of this action on September 17, 2010. Although Petitioners filed their Petition in an untimely manner, ten years later, the Court will discuss the merits on the case based on the following analysis.

Although the Court has jurisdiction pursuant to Rule 2.014(f), Petitioner's argument is based on informal grievance procedures Rule 12.202. The Court will briefly discuss the merits of

Petitioners argument. However, it is important to note Petitioner did not follow the formal time limitations in the grievance procedures necessary to seek compensation since 2001. The grievance should have been filed within 15 days of the alleged violation, not 5 years after. See DOA Personnel Rules and Regulations Chapter 12, Informal Grievance Procedure Rule 12.202. This Court finds by not abiding by the correct procedures, Petitioners missed their window of opportunity and have no other recourse for compensation from 2001 until 15 days before September 16, 2005 when formal grievance procedure initiated. At the same time, DOA also did not follow the time limitations as set out in Chapter 12 and failed to render a decision within a reasonable time. Petitioners initiated informal grievance procedures in 2005, but DOA did not render a decision until 2008. Regardless, the CSC does not have jurisdiction under Rule 12.202 of DOA Personal Rules and Regulations, thus further analysis of this issue is moot.

The Court finds Petitioners claim is based on reclassification of their position. Thus, it is under Rule 2.202 that the Court has jurisdiction over the instant matter. It is important to note that due to characterizing their claim to be a grievance, Petitioners argument is based on their actions abiding to the wrong procedure. In any event, the correct procedure is dictated in DOA Personnel Rules and Regulations Rule 5.014 which set forth the guidelines for administrative review regarding reclassification of positions. Employee requests for administrative review shall be filed with the Director within twenty (20) calendar days of the date the notice of classification action was sent to the department. See Rule 5.014(d). Subsequently, an employee may file a written appeal with the CSC within fifteen (15) calendar days upon receipt of the decision. See Rule 5.014(f).

Since DOA and GFD Department Head disputes the alleged detail assignment, the Court does not have a date as to when notice of reclassification was alleged issued. Nonetheless, the

Court finds it is unlikely Petitioners administrative review was timely requested within twenty (20) days. This is primarily based on the fact that Petitioners waited four (4) years to file for a desk audit. On June 3, 2008, Petitioners appealed the desk audit results, nine (9) days after DOA issued its findings regarding classification results. Regardless of the time limitations, viewing the evidence in a light most favorable to the Petitioners, the Court will assume for arguments sake Petitioners satisfied the requirements set forth in Rule 5.014(d). In the interests of judicial efficiency, the Court will assume Petitioners abided by the correct time procedures and thus were permitted to their appeal to the CSC.

The Court will now discuss the time period which Petitioners is entitled to compensation, starting chronologically from the initiation of grievance procedures until Petitioners promotion. In total, the Petitioners seek compensation for two (2) years and eight (8) months' time. Under Guam law, Respondents cite to 4 G.C.A. §4117 states in the pertinent part as follows:

> "No Employee shall be temporarily assigned or detailed to a position nor shall the employee assume the duties and responsibilities of a position other than the one to which he has been appointed for a period in excess of ninety (90) days *unless* the appointing authority obtains an exemption upon written application to the Director of Administration. No exemption shall be granted to the ninety (90) day detail limitation except upon express approval by the Director of Administration."

Pursuant to Section 4117 the maximum amount DOA can authorize for a temporary assignment is ninety (90) days. Respondents argue Petitioner's claims are limited to t he ninety (90) day time limitation for permissible detail pay under this statute. After reviewing the facts in the instant matter, the Court finds the nature of the claim was not a temporary detail assignment because Petitioners were eventually promoted in 2008. As such, the statute for temporary detail assignments is inapplicable because the nature of the claim was to reclassify Petitioners job position due to a change in duties and responsibilities as alleged in 2001.

Alternatively, Respondents also argue Petitioners are not entitled to retroactive pay prior to their promotion to Fire Fighter II, pursuant to 4 GCA §6218.1,

> "Whenever a classified or unclassified employee of the Government of Guam, including all departments, agencies, and instrumentalities, whether or not autonomous, receives an increase in pay resulting from step increase, pay range increase, promotion or any other cause, such increase in pay *shall not be retroactive from the date of its authorization*, unless so specified by law"

Respondents contend Petitioner's request for back pay from 2001 till their promotion in 2008 to be essentially retroactive pay. Section 6218.1 specifically prohibits retroactive pay raises by stating pay raises can only be authorized after the date of authorization. Moreover, the statute does not distinguish between date of performance and date of authorization. The Court agrees and finds Petitioners are not entitled to retroactive pay.

DOA Personnel Rules and Regulations Chapter 4 sets forth the guidelines appropriate statutes for job reclassification. The Court finds Rule 4.506(e) regarding detail assignments to be the most pertinent authority to the instant case and states as follows:

> "No employee... shall assume the duties and responsibilities of a position other than the one to which he has been appointed for a period in excess of 120 days within a calendar year, unless the appointing authority obtains an exemption upon written application to the Civil Service Commission. Such exemption shall not extend beyond an additional within that calendar year"

Employees serving on a detail in excess of thirty (30) calendar days in a position having a higher pay grade than his regular position, shall receive a payment differential in accordance with Rule 6.008. *Id.* Rule 4.506(h). Based on the evidence, neither GFD nor DOA approved any detail or temporary assignment for Petitioners to perform work other than that of a Fire Fighter I. See Answer filed by GFD Acting Fire Chief Mike Aguon and DOA Director Benita Manglona. Such a writing is required, if an employee is to be detailed beyond one hundred twenty (120) days to duties and responsibilities which exceed their position.

Although there is no written authorization, the Court finds Petitioners were performing work that needed to be done. The Court finds there is no statutory or management authority which authorized 2 years and 8 months of pay for the alleged re-classification of Petitioner's duties and responsibilities. Furthermore, pursuant to Rule 4.506(e), the Court is unable to grant compensation beyond maximum allowable time period of one hundred and twenty (120) calendar days without express authorization by the Civil Service Commission. Thus, the Court finds at a minimum, Petitioners are entitled to one hundred twenty (120) calendar days of compensation in accordance with the payment differential for their alleged performance. In view of that, the Court remands in part back to the CSC to re-classify the duties and responsibilities Petitioners allegedly performed, provided that Petitioners complied with the procedure set forth in Rule 5.014.

**Statute of Limitations**

Assuming *arguendo* Petitioners were entitled to full compensation from 2001 to 2008, Respondents further contend Petitioners claims are barred because they violate the statute of limitation found in 7 G.C.A. §11305, which states that a person must bring "an action upon a liability created by law, other than a penalty or forfeiture" within three (3) years. As such, no compensation is due to him even if Petitioners did allegedly perform such Fire Captain detail. Petitioners filed the instant action on September 17, 2010 and respond with the argument that any applicable statute of limitations was equitably tolled by the government's continuing violation. The Court agrees and finds the "continuing violation" ended in 2008 when Petitioners were promoted. Because Petitioners filed suit in 2010, within the three (3) year statute of limitations, the Court finds Petitioners claims are not barred by the statute of limitations.

## CONCLUSION

Based on the foregoing, the court analyzes Petitioners Rule 12(c) motion as summary judgment. As stated above, the Court GRANTS Petitioner writ relief and find Petitioners are entitled to at a minimum one hundred twenty (120) days of compensation. The Court remands in part back to the Civil Service Commission to determine the exact duties Petitioners allegedly performed and consider the defenses raised by the Respondents in their opposition.

SO ORDERED, this _12_ day of _April_ 2012.

_____

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

APR 1 2 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam